IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DALE JEROME TERRELL,**

    **Plaintiff,**

    v.                                          CASE NO. 23-3129-JWL

**VITAL CORE HEALTH STRATEGIES,**
et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. At the time of filing, Plaintiff was in custody at the Sedgwick County Jail in Wichita, Kansas ("SCJ"). The Court granted Plaintiff leave to proceed in forma pauperis. On June 2, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") granting Plaintiff until July 5, 2023, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC or to file an amended complaint to cure the deficiencies. This matter is before the Court for screening Plaintiff's Amended Complaint (Doc. 5). The Court's screening standards are set forth in the MOSC.

**I. Amended Complaint**

Plaintiff's allegations in his Amended Complaint are substantially the same as those he asserted in his original Complaint. Plaintiff claims there was a delay in receiving the proper diagnosis for his skin condition. Plaintiff states that he was detained at the SCJ on January 9, 2023. He alleges that on January 13, 2023, he noticed red bumps all over his stomach and arms that were starting to stretch up his back. Plaintiff submitted a sick call and was seen by Nurse Jennifer Brownlee on January 15, 2023. (Doc. 5, at 6.) The nurse placed Plaintiff on "an

1

extensive amount of Prednisone and Zyrtec." *Id*. After Plaintiff noticed that the bumps were getting worse, he was seen again by Nurse Brownlee on January 18, 2023. Plaintiff was seen again on January 22, 2023, by Nurse Anna Simpson.

Plaintiff alleges that his condition was getting worse and he was issued dandruff shampoo and told to wash his body with it. *Id*. On January 26, 2023, Plaintiff was seen by Andrea Stafford because the shampoo and prednisone were not working. *Id*.

Plaintiff alleges that it was recommended that he see Nurse Aubrey "who therefore racially profiled [Plaintiff] and assumed [he] had psofilus [sic] and had blood work drawn." *Id*. at 7. Plaintiff was told that his blood work came back negative, and then Nurse Griffin took pictures on her personal phone of the infected area on Plaintiff's upper torso and sent them for a second opinion. *Id*. She called Plaintiff back down later that afternoon and treated Plaintiff for scabies. *Id*.

Plaintiff claims deliberate indifference in violation of the Fourteenth Amendment, failure to train, and cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff names as defendants: Vital Core Health Strategies, the health provider for the SCJ; and Audrey Griffin, Health Provider/RN at the SCJ.

## II. DISCUSSION

"[D]eliberate indifference to a pretrial detainee's serious medical needs includes both an objective and a subjective component." *Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020) (finding that although a pretrial detainee's claim is based on the Fourteenth Amendment, the same standard for Eighth Amendment claims applies). To establish the objective component, "the alleged deprivation must be 'sufficiently serious' to constitute a deprivation of constitutional dimension." *Id*. at 989–90 (citations omitted). A medical need is sufficiently serious "if it is one

that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id*. at 990 (citation omitted).

In situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm" as a result of the delay. *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000) (citation omitted). "The substantial harm requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'" *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)).

Plaintiff must also satisfy the subjective prong. The Supreme Court has insisted upon actual knowledge: "the official must *both* be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and he must also draw the inference*." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (emphasis added).

Plaintiff's Amended Complaint fails to cure the deficiencies set forth in the MOSC. The Court found in the MOSC that Plaintiff failed to show that Nurse Griffin was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that she also drew the inference. Plaintiff's claims suggest, at most, negligence. The "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

The Court also found in the MOSC that Plaintiff failed to state a valid failure to train claim against Vital Core. In the Tenth Circuit, "to hold a corporation liable under § 1983 for employee misconduct, a plaintiff must demonstrate the existence of the same sort of custom or

policy that permits imposition of liability against municipalities under *Monell v. Department of Social Services*, 436 U.S. 658, 694 . . . (1978)." *Wishneski v. Andrade*, 572 F. App'x 563, 567 (10th Cir. 2014) (unpublished) (citations omitted). The Court found in the MOSC that Plaintiff failed to allege a policy or a custom of Vital Core that caused his injury.

Plaintiff's failure to train claim also fails because Plaintiff has failed to show a constitutional violation by Vital Core staff. "[A] failure-to-train claim may not be maintained . . . without a showing of a constitutional violation by the allegedly un-, under-, or improperly-trained officer." *Valdez v. Macdonald*, 66 F.4th 796, n.14 (10th Cir. April 24, 2023) (citations omitted); *see also Estate of Burgaz v. Bd. of Cty. Comm'rs*, 30 F.4th 1181, 1189 (10th Cir. 2022) ("[T]o be held liable for either a failure-to-train or failure-to-supervise claim, an individual officer (or deputy) must have committed a constitutional violation.") (citations omitted); *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1317 (10th Cir. 1998) (stating that "failure to train claims, like their basic excessive force claim against the individual officers, requires a predicate showing that the officers did in fact use excessive force").

The Court also found in the MOSC that Plaintiff failed to state a due process or equal protection claim. Racially profiling claims generally arise in the context of selective law enforcement. To state a claim for racial profiling in violation of § 1983, a Plaintiff must allege facts that plausibly establish that "the defendant's actions [1] had a discriminatory effect and [2] were motivated by a discriminatory purpose." *Marshall v. Columbia Lea Reg'l Hosp.*, 345 F.3d 1157, 1168 (10th Cir. 2003) (citation omitted). This two-part test—discriminatory intent and effect—"is a demanding one." *Id.* at 1167. The discriminatory intent need not be the sole factor motivating state action, but it must be a motivating factor. To establish discriminatory effect, a plaintiff may rely on "statistical evidence; the identification of a similarly situated individual

who could have been, but was not, stopped or arrested; and, in certain circumstances, anecdotal evidence establishing an officer's pattern of similar discriminatory behavior." *United States v. Alabi*, 597 F. App'x 991, 996 (10th Cir. 2015).

Plaintiff concludes, without any factual support, that Nurse Griffin "racially profiled" and discriminated against him because she ordered a test in an attempt to diagnose his rash. But he does not explain how ordering this test, standing alone, supports an Equal Protection claim under § 1983 premised on racial profiling. As the Court noted in the MOSC, Plaintiff's claim appears to be frivolous.

### III. Conclusion

The Court's MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter may be dismissed without further notice for failure to state a claim." (Doc. 4, at 9.) Plaintiff's Amended Complaint fails to cure the deficiencies set forth in the MOSC and Plaintiff has failed to show good cause why this matter should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated July 24, 2023, in Kansas City, Kansas.**

        **S/ John W. Lungstrum**
        **JOHN W. LUNGSTRUM**
        **UNITED STATES DISTRICT JUDGE**